UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAOFEI FANG,<br><br>                               Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; et al.,<br><br>                              Respondents. | Case No.: 26cv2982-LL-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 10];**<br><br>**ORDER DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER [ECF No. 4]** |

Before the Court is Petitioner Daofei Fang's operative Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 10 ("Pet."). The Government filed a Return. ECF No. 11 ("Ret."). Mr. Fang filed a Traverse. ECF No. 12. For the reasons set forth below, the Court **GRANTS** Mr. Fang's Petition for Writ of Habeas Corpus and **DENIES AS MOOT** Mr. Fang's Motion for Temporary Restraining Order.

## I.      BACKGROUND

Mr. Fang, a Chinese citizen, entered the United States in May 2024. Pet. at 1. The Department of Homeland Security ("DHS") held Mr. Fang in custody for "about two days" before releasing him on conditional parole because he did not pose "a danger to the community nor a flight risk." *Id.* at 2. Mr. Fang filed an asylum claim and has since

1

attended his check-ins and complied with the conditions of his release. *Id.* at 2. In late April 2026, ICE detained Mr. Fang without any notice or opportunity to be heard. *Id.* at 3.

## II.    LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his or her confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process — for example, a claim of indefinite detention — federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales,* 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez,* 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048-49 (N.D. Cal. 2018) (citations omitted).

## III.    DISCUSSION

Mr. Fang argues that the summary revocation of his release without justification or consideration of his individualized circumstances violates the Due Process Clause. Pet. at 4-6. The Court agrees.

In the Return, Respondents state that "it is the government's position that Petitioner is subject to mandatory detention under § 1225(b)" but acknowledges that "this Court and Courts in this District, have repeatedly reached the opposite conclusion under the same and similar facts." Ret. at 2. Respondents also state that the "government does not oppose the petition and defers to the Court on the appropriate relief." *Id.*

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533

26cv2982-LL-DDL

U.S. 678, 693 (9th Cir. 2001). "[I]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citations omitted). Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'" *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." *Pinchi*, 792 F. Supp. 3d at 1032 (citing *Romero v. Kaiser*, No. 22-cv-02508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

Mr. Fang was released from DHS custody in May 2024. *See* Pet. at 1-2. Mr. Fang is not a newly arrived noncitizen seeking admission at the border. *Id.* Mr. Fang has been in the United States since May 2024. *Id.* When he was released, Mr. Fang was determined to not be a danger to the community or a flight risk. *Id.* at 2. Mr. Fang is not merely an "applicant for admission" at the border with minimal due process rights; he has a protected liberty interest in remaining out of custody. *See, e.g., Pinchi*, 792 F. Supp. 3d at 1034 ("[Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria."); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth

26cv2982-LL-DDL

Amendment's guaranteed due process before removal."); *Alvarenga Matute v. Wofford*, 807 F. Supp. 3d 1120, 1128 (E.D. Cal. 2025) (finding petitioner had a protected liberty interest in his release).

As Mr. Fang has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court must apply the *Mathews* factors. *See id*. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

The Court finds that all three factors support the finding that the Government's revocation of Mr. Fang's conditional parole without notification, reasoning, or an opportunity to be heard, denied Mr. Fang of his due process rights. First, as discussed above, Mr. Fang has a significant liberty interest in remaining out of custody pursuant to his initial release by DHS. "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas*, 533 U.S. at 690.

Second, the risk of an erroneous deprivation of such interest is high as Mr. Fang's conditional parole was revoked without providing him with a reason for revocation or giving him an opportunity to be heard. Pet. at 2-3. Since DHS's determination that Mr. Fang should be released because he posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."). "Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to

26cv2982-LL-DDL

present evidence of materially changed circumstances — namely, evidence that the noncitizen is in fact dangerous or has become a flight risk. . . ." *Id.* The Government concedes that Mr. Fang was previously released on conditional parole. Ret. at 2. The Government also states with respect to this argument that it "does not oppose the petition and defers to the Court on the appropriate relief." *Id.* "Where, as here, 'the petitioner has not received any bond or custody hearing,' 'the risk of an erroneous deprivation of liberty is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for her detention." *Pinchi*, 792 F. Supp. 3d at 1035 (quoting *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025)).

Third, the Government's interest in detaining Mr. Fang without notice, reasoning, and a hearing is "low." *See Pinchi*, 792 F. Supp. 3d at 1036; *Alvarenga Matute*, 807 F. Supp. 3d at 1130; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 22, 2019) ("If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."). The Government fails to identify how providing proper notice, reasoning, and a pre-deprivation hearing would burden the process. *See generally* Ret.

Therefore, because the Government detained Mr. Fang by revoking his release in violation of the Due Process Clause, his detention is unlawful. *See, e.g., Alegria Palma v. Larose et al.*, No. 25-cv-1942 BJC (MMP), slip op. 14 (S.D. Cal. Aug. 11, 2025) (granting a TRO based on a procedural due process challenge to a revocation of parole without a pre deprivation hearing); *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629, at *5 (S.D. Cal. Sept. 26, 2025) (granting a writ of habeas corpus releasing petitioner from custody to the conditions of her preexisting parole on due process grounds).

Accordingly, the Court **GRANTS** Mr. Fang's Petition.

/ / /

/ / /

/ / /

/ / /

26cv2982-LL-DDL

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Mr. Fang's Petition for Writ of Habeas Corpus (ECF No. 10) as follows:

1. The Court **ORDERS** the Government to immediately release Mr. Fang from custody subject to the conditions of his preexisting release.

2. The Court **ORDERS** the Government to return all property obtained from Mr. Fang during his recent detention.

3. The Court **ORDERS**, prior to any re-detention of Mr. Fang, that Mr. Fang is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Mr. Fang poses a danger to the community or a risk of flight.[1]

4. The Court **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order [ECF No. 4].

5. The Clerk of Court shall enter judgment in Mr. Fang's favor and close this case.

**IT IS SO ORDERED**.

Dated:  June 2, 2026

Honorable Linda Lopez
United States District Judge

---

[1] This relief has been granted in similar matters. *See, e.g., Alvarenga Matute*, 807 F. Supp. 3d at 1133; *Pinchi*, 792 F. Supp. 3d at 1038; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1097 (E.D. Cal. 2025); *Martinez Hernandez v. Andrews*, No. 25-CV-1035 JLT HBK, 2025 WL 2495767, at *14 (E.D. Cal. Aug. 28, 2025).

26cv2982-LL-DDL